IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN PENDLETON, | } | |
| TDCJ-CID NO. 1129100, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION NO. H-07-0532 |
| | } | |
| NATHANIEL QUARTERMAN, *et al*., | } | |
| Defendants. | } | |

OPINION ON DISMISSAL

Plaintiff John Pendleton, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 (Docket Entry No.1), an amended complaint (Docket Entry No.5), and a statement of facts. (Docket Entry No.7). Defendants Charles Owens and Shawnique Cooper have filed a motion for summary judgment. (Docket Entry No.18). Plaintiff has not filed a response to their motion. For the reasons to follow, the Court will grant defendants' motion for summary judgment and dismiss the pending complaint.

BACKGROUND

Plaintiff alleges that the following events took place on the Ellis Unit of TDCJ-CID (Docket Entry No.7) and gave rise to the pending civil rights complaint:

On August 7, 2006, plaintiff, a server in the Ellis Unit Kitchen, put a small bag of garlic powder in his pocket to put on his meal. Food Service Officer Charles Owens asked plaintiff what was in his pocket. Plaintiff put his hand over the pocket to cover the bag. Owens asked plaintiff for the item and grabbed plaintiff's right hand and attempted to wrestle the bag

1

from plaintiff. Plaintiff asked Owens why he grabbed his hand and Owens replied that plaintiff was going to give him the bag. Plaintiff then heard a pop in his right finger area. Plaintiff handed the bag to Owens and sat down to eat his meal. During the meal he noticed his right hand was swollen and hurting. He placed ice on his hand and went to Owens to report his injury. Owens asked why plaintiff did not report the injury when Owens pulled his finger. Plaintiff told him that he needed some medical attention but Owens would not allow plaintiff into the area where Owens and other officers were located; therefore, plaintiff could not report his injury. When plaintiff was finally able to report the injury to Captain Shawnique Cooper, the food service manager, Owens had already told Cooper a fabricated story about his encounter with plaintiff. Cooper did not look at plaintiff's hand and began to write a disciplinary case against plaintiff for stealing the bag of garlic. Plaintiff then said to Cooper, "I know how to handle this. I will write him up to[o]." Cooper interpreted this statement to mean that plaintiff was threatening Owens and ordered plaintiff to leave her office. Minutes later, Cooper escorted plaintiff to see Captain Michael D. Barnett. By the time plaintiff and Cooper reached the end of the chow hall, Cooper had pulled out her pepper spray as if plaintiff posed a threat to her safety. Plaintiff was charged with a major case. Barnett cuffed plaintiff and called for two officers to escort plaintiff to medical before lock up. (Docket Entry No.7).

Medical personnel examined plaintiff's hand and told him that there was not much that could be done for a sprain or break except to keep the injury iced. Sgt. D. Fransaw completed an injury report. Plaintiff saw a physician's assistant ("PA") three days later, who diagnosed his injury as a tender right hand with no swelling. The PA noted plaintiff had spasms

in his right trapezius and right shoulder and a strained right hand. On August 10, 2006, the PA prescribed pain medication. (*Id.*).

Plaintiff seeks compensatory damages on grounds that Owens purposefully used excessive force on plaintiff's hand and arm and Cooper denied him medical care. (Docket Entry No.5).

Defendants move for summary judgment on grounds that plaintiff has failed to state an Eighth Amendment claim against Cooper and Owens and failed to show that his excessive force claims are not barred by the holding of *Heck v. Humphrey*. (Docket Entry No.18). Defendants further contend that they are entitled to qualified immunity (*Id.*).

## STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## DISCUSSION

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law. 42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). A section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Thus for plaintiff to recover, he must show that the defendants deprived him a right guaranteed by the Constitution or the laws of the United States. *See Daniels v. Williams*, 474 U.S. 327, 329-31 (1986).

### Personal Involvement

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983). Liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

In this case, plaintiff alleges no facts that would give rise to a claim that Nathaniel Quarterman or Warden A. Janicek deprived him of any constitutional right. Therefore,

plaintiff's claims against Quarterman and Janicek are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Eleventh Amendment Immunity

Suits for damages against the state are barred by the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985). Under the Eleventh Amendment, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993). This bar remains in effect when state officials are sued for damages in their official capacity. *Cory v. White,* 457 U.S. 85, 89 (1982). To the extent plaintiff sues defendants for damages in their official capacities, as employees of TDCJ-CID, plaintiff's claims are barred by the Eleventh Amendment.

## Qualified Immunity

Defendants move for summary judgment on the ground that they are entitled to qualified immunity. (Docket Entry No.18). Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Whether a defendant asserting qualified immunity may be personally liable turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1272 (5th Cir. 1992).

"The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the allegations establish a constitutional violation, the court next considers whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, 536 U.S. at 739 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002). Even so, on summary judgment, the court must look to the evidence before it in the light most favorable to the plaintiff when conducting a qualified immunity inquiry. *Id.* at 323.

### Medical Care

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must prove objectively that he was exposed to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. *Id.* at 834. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Mere negligence does not constitute a

section 1983 cause of action. *Estelle*, 429 U.S. at 106; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a ... failure to act reasonably"). Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle*, 429 U.S. at 104-05. Delay in obtaining medical treatment does not constitute deliberate indifference unless it is shown that the delay resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

The summary judgment record in this case reflects that plaintiff received medical attention before he was sent to pre-hearing detention on a disciplinary charge filed by defendant Cooper. Such medical care was delivered within two to three hours after plaintiff initially complained of such injury. (Docket Entry No.18, Exhibits B, C). Plaintiff fails to show that he suffered any substantial harm from any delay to medical treatment or Cooper's refusal to take him to the infirmary at the time he requested such care in Cooper's office. Plaintiff's allegations that Cooper refused to look at his hand and to take him to the infirmary do not reflect a wanton disregard for his serious medical need; plaintiff alleges no facts that show that Cooper was aware of a serious medical need. Instead, his allegations show that Cooper was preoccupied with plaintiff's misconduct. Accordingly, his claim regarding Cooper's denial of medical care is without a legal basis and therefore, defendants are entitled to qualified immunity on this claim.

### Excessive Force

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992).

When an inmate has alleged that a prison official used excessive force, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force [by a prison guard] was wanton and unnecessary," the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks omitted). These factors are not exclusive, and each case must be judged on its own facts. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Defendants contend they are entitled to summary judgment because plaintiff's allegations of unnecessary and excessive force are insufficient to create a fact issue and alternatively, fail to show that defendant Owens acted with the requisite malice to support a constitutional claim. (Docket Entry No.18). Defendant Owens denies that he used any force to extract the bag of garlic from plaintiff's pocket and therefore, did not file a Use of Force Report. (*Id*, Exhibit F). Instead, Owens attests that plaintiff handed over the bag after Owens told him that he was going to be searched. (*Id*.). Owens attests that he "did not touch [plaintiff's] hand or remove his hand from near his shirt pocket." (*Id*.). Owens claims that about an hour after plaintiff ate his meal, he approached Owens and asked to see a captain because Owens had injured a finger on his right hand; Owens contacted a supervisor." (*Id*.).

Assuming, without deciding, that Owens used force to extract the bag of garlic from plaintiff's shirt pocket, the Court finds that such force was not unconstitutionally excessive. The summary judgment record shows that plaintiff failed to give defendant Owen the bag of

8

garlic when ordered, for which plaintiff later received a disciplinary conviction. (Docket Entry No.7). Owens attempted to resolve the incident by asking plaintiff for the item but plaintiff placed his hand over his shirt pocket to hide the bag. (*Id.*). Plaintiff resisted Owens's efforts to pull his hand from the pocket until plaintiff heard a pop in a finger on his right hand. (*Id.*). Plaintiff did not complain of any injury until approximately an hour after his encounter with Owens. (*Id.*). Plaintiff complained of tenderness and pain in his finger and later in his hand and shoulder.[1] (*Id.*). Plaintiff's injuries, while neither *de minimis* nor significant, do not evince that Owens intended that plaintiff suffer such injuries. *See Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986) (noting that "'[i]n evaluating excessive force claims, courts may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur'"). Instead, the record shows that Owens was attempting to restore order and maintain control over an inmate who resisted his orders. Accordingly, Owens is entitled to qualified immunity on plaintiff's excessive force claim.

## CONCLUSION

Based on the forgoing, the Court ORDERS the following:

---

[1] Plaintiff complained to medical staff of pain in his right ring finger, for which he received Ibuprofen for five days. (Docket Entry No.18, Exhibit B). An examination revealed no redness, swelling, or misalignment of the finger. (*Id*.). Three days later, he complained of some pain in his hand and shoulder pain. (*Id*.). The PA observed that plaintiff's right hand was tender but not swollen and noted spasms in plaintiff's right trapezius. (*Id*.). A few weeks later, plaintiff complained of numbness to his right hand and pain to his shoulder. (*Id*.). No swelling was noted. (*Id*.). A month later, plaintiff complained of some right shoulder pain and tightness but no spasms were noted. (*Id*.). Plaintiff continued to complain of pain in his right hand and shoulder. (*Id.*). Dr. Robert Karl Mahaffey opines that based on this medical record, plaintiff did not suffer a significant injury on the date in question. "At most, minor musculoligamentous injuries perhaps occurred and these were treated appropriately with muscle relaxers and anti-inflammatory medications. "There is absolutely no evidence of serious injury that would be of a chronic nature." (*Id.*, Exhibit C).

1. Defendants' motion for summary judgment (Docket Entry No.18) is GRANTED. All claims against all defendants are DENIED.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

3. All pending motions, if any, are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 15th day of May, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE